IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MARIA VELEZ,

    Plaintiff,

    v.

MARRIOTT PR MANAGEMENT, INC., et al.,

    Defendants.

CIVIL NO. 05-2108 (RLA)

## ORDER DISMISSING RETALIATION CLAIM ASSERTED UNDER LAW 69

Defendants have moved the court to extend its ruling[1] dismissing the retaliation claim asserted by plaintiff under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-3 to her retaliation claim brought pursuant to Act No. 69 of July 6, 1985, Laws of P.R. Ann. tit. 29, §§ 1321 *et seq.* (2002).

Plaintiff contends that dismissal as requested is not proper in that the burden of proof applicable under Law 69 is not the same as that used in Title VII suits. Rather, plaintiff argues that in proving her local retaliation cause of action she is entitled to the evidentiary presumption applicable to discrimination cases filed under Puerto Rico Act No. 100 of June 30, 1959, P.R. Laws Ann. tit. 29, §§ 146 *et seq.* (2002) and that defendants failed to adequately challenge the presumption of discriminatory retaliation in their motion for summary judgment.

---

[1] See Order in the Matter of Defendants' Motion for Summary Judgment (docket No. 137).

**CIVIL NO. 05-2108 (RLA)**                                                                 **Page 2**

Under Law 100, once a plaintiff establishes a prima facie case of discrimination by showing that she was subjected to some adverse employment action for discriminatory reasons "the burden shifts to the employer to prove by a preponderance of the evidence that it had 'just cause' for its actions. If the employer establishes just cause, the burden of proof returns to the plaintiff. If the employer fails to prove just cause, however, it bears the burden of proving by a preponderance of the evidence that the decision was not motivated by [sex] discrimination." Baralt v. Nationwide Mut. Ins. Co., 251 F.3d 10, 16 (1st Cir. 2001) (internal citations omitted). "[I]n order to rebut the Law 100 presumption, the employer must prove, by a preponderance of the evidence, that the challenged action was not motivated by discriminatory... animus." Ramos v. Davis & Geck, Inc., 167 F.3d 727, 734 (1st Cir. 1999) (citation and internal quotation marks omitted). If the employer proves that its decision was justified the presumption disappears and "the burden of proof on the ultimate issue of discrimination remains with the plaintiff". Alvarez-Fonseca v. Pepsi Cola de Puerto Rico Bottling Co., 152 F.3d 17, 28 (1st Cir. 1998).

Upon review of our previous Order we find that regardless of the evidentiary standard applicable to the retaliatory claim asserted under Law 69 we can safely conclude that summary judgment is also warranted regarding plaintiff's local retaliation cause of action. In making this finding it is important to note that defendants'

**CIVIL NO. 05-2108 (RLA)**                                                                 **Page 3**

proffered explanations for the underlying challenged events regarding the alleged retaliatory hostile environment were uncontested by plaintiff during the summary judgment process.[2] Hence, based on the evidence submitted, we find that defendants carried their burden of dissipating the presumption of discrimination even under the more stringent local evidentiary standard.

Based on the foregoing, defendants' Urgent Motion in Limine (docket No. **149**), taken as a motion for reconsideration,[3] is **GRANTED**.[4] Accordingly, plaintiff's Law 69 retaliation claim is **DISMISSED** based on the reasoning set forth in our previous Order in the Matter of Defendants' Motion for Summary Judgment (docket No. 137).

Judgment shall be entered accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 24th day of February, 2009.

S/Raymond L. Acosta
RAYMOND L. ACOSTA
United States District Judge

---

[2] See Order in the Matter of Defendants' Motion for Summary Judgment (docket No. 137) p. 59. See also, Order in the Matter of Motion to Deem as Uncontested Defendant's Statement of Uncontested Facts (docket No. 139) and Order Enjoining Plaintiff from Introducing Evidence Regarding Alleged Retaliatory Incidents after November 20, 2006 (docket No. 123).

[3] Plaintiff's timeliness argument is likewise rejected. "Interlocutory orders [including summary judgment denials]... remain open to trial court reconsideration until the entry of [final] judgment." Nieves-Luciano v. Hernandez-Torres, 397 F.3d 1, 4 (1st Cir. 2005).

[4] See Plaintiff's Opposition (docket No. **160**) and Defendants' Motion in Compliance with Court Order Regarding Burden of Proof for Retaliation Claims under Law 69 (docket No. **159**).